(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
(TORT) - MOTOR VEHICLE TORT – CONTRACT –
EQUITABLE RELIEF – OTHER)

# COMMONWEALTH OF MASSACHUSETTS



NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. 2282CV00936

_John Doe_, Plaintiff(s)

v.

_Massachusetts Teachers Association_, Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon _Andrew Silvia_, plaintiff's attorney, whose address is _46 South Main St, Sharon, MA 02067_, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, Heidi E. Brieger    Esquire }, at _____ the _____

day of _____, in the year of our Lord two thousand and _____

_____ Clerk.

NOTES:
1. This summons is issued pursuant to Rules 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

A TRUE COPY ATTEST

NORFOLK DEPUTY SHERIFF

Date: 10/19/22

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on .............................................., 20......., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

............................................................................................................................

............................................................................................................................

............................................................................................................................

............................................................................................................................

Dated:                    , 20

N.B.   TO PROCESS SERVER:—
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

|  |
|---|
| , 20 |

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO.

......................, *Plaintiff*

v.

......................, *Defendant*

SUMMONS
(Mass. R. Civ. P. 4)

COMMONWEALTH OF MASSACHUSETTS

NORFOLK SS

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.: 2282CV00936

JOHN DOE, )
    Plaintiff )
)
v. )
)
MASSACHUSETTS TEACHERS )
ASSOCIATION, )
    Defendant )

## COMPLAINT

### INTRODUCTION

This Complaint arises from the actions of Defendant in engaging in unlawful discrimination and retaliation against the Plaintiff, John Doe, based on his disability, requests for reasonable accommodations, and taking leave under the Family and Medical Leave Act.

### Parties

1. Plaintiff John Doe is an adult and resides in Norfolk County in Massachusetts.

2. Defendant, Massachusetts Teachers Association ("MTA"), is a Massachusetts Nonprofit Corporation with a principal place of business at 2 Heritage Drive, 8th Floor, Quincy, Massachusetts.

3. Defendant was the employer of the Plaintiff for the purposes of M.G.L. c. 151B and 41 U.S.C. §12101, *et seq.*

### JURISDICTION

4. This Court has subject matter jurisdiction pursuant to M.G.L. c. 212, § 3.

1

5. Venue is proper in this Court pursuant to M.G.L. c. 223, §1, because Plaintiff resides in Norfolk County.

6. Plaintiff timely filed his claims at the Massachusetts Commission Against Discrimination and has withdrawn the claims and elected to proceed in this Court.

## FACTUAL ALLEGATIONS

7. Plaintiff began employment with Defendant in 2018 as a representative to local teachers' unions that are members of the MTA.

8. Plaintiff has had three performance reviews since starting in his position, all of them stellar.

9. Plaintiff has autism.

10. Despite his autism, Plaintiff performed his job well, and was well liked and respected by the local teachers' unions he represented.

11. In 2019, Plaintiff's son was diagnosed with autism.

12. Plaintiff shared this information with his co-workers.

13. Co-workers began "google diagnosing" Plaintiff after they became aware of his son's diagnosis.

14. In the months that followed, many of his co-workers began to act differently toward him, making comments that suggested their view of him had been changed by his disclosure of the diagnosis.

15. Plaintiff was later officially diagnosed with Autism as well.

16. Plaintiff share this information with his coworkers.

17. After Plaintiff's diagnosis, the treatment of him became even worse.

18. For example, one co-worker said, "I know you don't understand emotions...but they're real."

19. A co-worker also referred to Plaintiff as a robot and computer.

20. Other co-workers were looking up information on the internet about autism and gossiping among themselves about the condition and how it might affect Plaintiff.

21. This was upsetting and painful to Plaintiff, and as a result he began to withdraw socially at the office and focus only on his work.

22. This seemed to provoke an angry response from his co-workers, some of whom became increasingly hostile.

23. As a result, in January 2020, Plaintiff reported his condition to Human Resources and asked to discuss possible accommodations so that he could perform his duties without the pressure, discomfort and distraction of his co-workers' response to learning of his autism.

24. The Human Resources representative outlined specific steps that would be taken in response to his report, steps that were never taken.

25. Other than one individual from Human Resources who allowed Plaintiff to temporarily work from an empty office remote from his co-workers, Defendant did not engage in a meaningful dialogue with Plaintiff regarding accommodations.

26. Instead, Defendant took steps to hinder and/or interfere with Plaintiff's ability to do his job.

27. This included refusing to hook Plaintiff's computer up to monitors, covering his windows with opaque adhesive plastic tape (while not doing so to any other offices), pressuring him to return to the area where his co-workers were, and ultimately turning his office into a lactation room, despite the fact that there was

3

already a lactation room more than adequate to serve the two (2) nursing mothers in the building, and the availability of several other empty offices.

28. Plaintiff was ultimately directed to move his office back to the area where his co-workers sat, shortly before the COVID-19 state of emergency sent everyone to remote work.

29. On several occasions during the shut-down, as it was clear that the targeting of Plaintiff by is co-workers was continuing.

30. Plaintiff discussed accommodations with his supervisor in April 2022.

31. Plaintiff also communicated with Human Resources about his treatment and need for accommodations for his disability in June 2022.

32. During the shut-down, Plaintiff requested permission to attend a negotiations training to help accommodate Plaintiff's condition by training in interpersonal dynamics and overcoming differences.

33. As he explained to management, others in his position had been approved for this training, and the focus on the interpersonal aspect of negotiations were of particular interest to him given his autism.

34. His request was denied.

35. Plaintiff filed a grievance about the denial of his request, which was also denied.

36. Two days after his grievance meeting, Plaintiff was summoned to a disciplinary investigation meeting.

37. At that meeting, he was questioned about things like the way he stood at the office, whether he talked for too long with people when they did not want him to, and other behaviors that are common manifestations of autism.

4

38. As a result of this disciplinary investigation, Plaintiff was given a five-day suspension.

39. Due to the stress, he was experiencing as a result of all of the above conduct, Plaintiff then submitted a request for FMLA leave, which was approved.

40. During his leave, Plaintiff was taking calls from co-workers who were looking for institutional knowledge and where to locate certain files.

41. While Plaintiff was on leave, Defendant emailed him requesting certain work be performed.

42. During his leave, Plaintiff activated an out-of-office reply to emails so anybody emailing him would know he was on leave.

43. During this time, Plaintiff had access to his emails, however, he was not monitoring them as actively as he does while working.

44. He did not see these emails from Defendant, or know they existed until receiving a notice of suspension.

45. Plaintiff called his supervisor for an unrelated issue on September 30, 2020; October 2, 2020; and October 15, 2020.

46. Plaintiff's supervisor did not return his calls.

47. On October 15, 2020, Plaintiff received a letter from the Executive Director notifying him that he was suspended for an additional 30 days for failure to complete the requested tasks.

48. Many of the tasks could not have been completed as Plaintiff was under instructions at the time not to communicate with his local unions, which would have been necessary to provide the requested information.

49. Defendant also requested one task to be performed in twenty-four hours.

5

50. This particular task would have required more than twenty-four hours to perform.

51. At this point, Plaintiff retained an attorney to communicate with Defendant's counsel about the suspension and the underlying reasons therefore.

52. Through Counsel, Plaintiff attempted to reach an accommodation on a means to complete the requested work.

53. Rather than engage in a discussion of accommodations, Defendant terminated Plaintiff.

54. Defendant stated in a letter on or about October 20, 2020, that Plaintiff's "…employment with the MTA is terminated effective immediately for gross insubordination. Despite four requests, over the course of nearly three weeks, that you provide information needed to serve and protect your locals, you have failed to respond to or even acknowledge any of these requests."

55. Plaintiff was on FMLA leave at the time of defendant's demands.

## COUNT I
### Disability Discrimination under M.G.L. c. 151B

56. Plaintiff re-alleges and re-asserts the allegations in the above paragraphs as if fully set forth herein.

57. Plaintiff's autism is a disability under M.G.L. c. 151B.

58. Plaintiff was nevertheless able to perform the essential functions of his job with reasonable accommodation.

59. Plaintiff suffered adverse employment action as a result of his disability or handicap, including but not limited to (a) a 5-day suspension for alleged behavior which in large part was a manifestation of his autism; and (b) termination of his employment in October, 2020.

60. On information and belief, Defendant's actions as alleged herein were based in whole or in part on Plaintiff's disabilities.

61. Plaintiff has suffered and continues to suffer damages as a result of Defendant's violations.

## COUNT II
### Disability Discrimination under 41 U.S.C. §12101, *et seq*

62. Plaintiff re-alleges and re-asserts the allegations in the above paragraphs as if fully set forth herein.

63. Plaintiff's autism is a disability under the statute.

64. Plaintiff is a person with a disability or qualified person under the statute.

65. Furthermore, he may separately be found to be a person with a disability under the law on account of being regarded as having such impairment.

66. Plaintiff was nevertheless able to perform the essential functions of his job with reasonable accommodation.

67. Plaintiff suffered adverse employment action as a result of his disability or handicap, including but not limited to (a) a 5-day suspension for alleged behavior which in large part was a manifestation of his autism; and (b) termination of his employment in October, 2020.

68. On information and belief, Defendant's actions as alleged herein were based in whole or in part on Plaintiff's disabilities.

69. Plaintiff has suffered and continues to suffer damages as a result of Defendant's violations.

## COUNT III
### Violation of M.G.L. c. 151B– Perceived Disability Discrimination

70. Plaintiff reasserts and re-alleges the allegations in the preceding paragraphs as if fully set forth herein.

71. Plaintiff had positive reviews and was successful in his job until after he disclosed his autism to co-workers.

72. Upon learning of his autism, his co-workers began targeting Plaintiff.

73. On information and belief, Defendant believed that Plaintiff's autism interfered with his ability to perform his job.

74. This belief was unfounded.

75. As a result of this belief, Defendant issued unwarranted discipline, purported to require him to do substantive work during his FMLA leave, then terminated him on the pretextual grounds that he had not done that work.

76. Plaintiff suffered adverse employment action as a result of Defendant's beliefs about his disability or handicap, including but not limited to (a) a 5-day suspension for alleged behavior which in large part was a manifestation of his autism; and (b) termination of his employment in October, 2020.

77. Plaintiff has suffered and continues to suffer damages as a result of Defendant's violations.

## COUNT IV
### Violation of 41 U.S.C. §12101, *et seq.*– Perceived Disability Discrimination

78. Plaintiff reasserts and re-alleges the allegations in the preceding paragraphs as if fully set forth herein.

79. Plaintiff had positive reviews and was successful in his job until after he disclosed his autism to co-workers.

8

80. Upon learning of his autism, his co-workers began targeting Plaintiff.

81. On information and belief, Defendant believed that Plaintiff's autism interfered with his ability to perform his job.

82. This belief was unfounded.

83. As a result of this belief, Defendant issued unwarranted discipline, purported to require him to do substantive work during his FMLA leave, then terminated him on the pretextual grounds that he had not done that work.

84. Plaintiff suffered adverse employment action as a result of Defendant's beliefs about his disability or handicap, including but not limited to (a) a 5-day suspension for alleged behavior which in large part was a manifestation of his autism; and (b) termination of his employment in October, 2020.

85. Plaintiff has suffered and continues to suffer damages as a result of Defendant's violations.

## COUNT V
### Violation of 29 U.S.C. § 2612

86. Plaintiff reasserts and re-alleges the preceding allegations as if fully set forth herein.

87. Plaintiff had received approval for and was actively on FMLA leave at the time of his discharge.

88. While Plaintiff was on FMLA leave, Defendant created tasks for Plaintiff to perform.

89. Plaintiff did not have the means and ability to perform the created tasks while on his FMLA leave.

90. "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1).

9

91. Defendant interfered with Plaintiff's exercise of his rights under the statute.

92. 29 C.F.R. § 825.220 *et seq.*, the regulations implementing 29 U.S.C. § 2612, provides that an employer is prohibited from discriminating against employees who have used FMLA leave.

93. Defendant violated the statute by terminating Plaintiff's employment, while he was availing himself of FMLA leave.

94. Defendant violated the statute by terminating Plaintiff's employment, in retaliation for availing himself of FMLA leave.

95. By these actions, Defendant violated 29 U.S.C. §2612.

96. As a result of these violations, Plaintiff suffered and continues to suffer damages.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff requests:

1. Damages in an amount to be determined at hearing including damages for lost pay, lost value of employment benefits, out-of-pocket expenses and other monetary losses;

2. Costs and attorneys' fees;

3. Liquidated Damages;

4. Punitive Damages; and

5. Such other legal or equitable relief as this Honorable Court may award.

Respectfully submitted,<br>
JOHN DOE,<br>
By counsel:<br>
<br>
_____<br>
Andrew T. Silvia, Esquire<br>
(BBO# 670555)<br>
aslivia@slnlaw.com<br>
Emily E. Smith-Lee<br>
(BBO# 634223)<br>
esmithlee@slnlaw.com<br>
SLN Law, LLC<br>
46 South Main Street<br>
Sharon, MA 02067<br>
781-784-2322

Dated: 10/6/2022

11

COMMONWEALTH OF MASSACHUSETTS

NORFOLK SS　　　　　　　　　　　　　　SUPERIOR COURT DEPARTMENT
　　　　　　　　　　　　　　　　　　　　　CIVIL ACTION NO.:

JOHN DOE　　　　　　　　　　　)
　　　Plaintiff　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
MASSACHUSETTS TEACHERS　　　)
ASSOCIATION.　　　　　　　　　　)
　　　Defendant　　　　　　　　　　)

## PLAINTIFF'S STATEMENT OF ESTIMATED MONEY DAMAGES

Pursuant to M.G.L. c. 212 § 3A, Plaintiff, John Doe, through counsel, sets forth the following estimate of money damages and factual basis thereof.

| Category | Amount | Factual Basis |
| --- | --- | --- |
| Disability Discrimination and Perceived Disability Discrimination under M.G.L. c. 151B, 41 U.S.C. §12101, *et seq.*, and Violation of Violation of 29 U.S.C. § 2612 | $231,398.40 | Two years of lost wages as a result of Defendant's discriminatory actions. |
| | TBD | Damages for the emotional distress suffered by the Plaintiff as a result of Defendant's conduct. |
| | TBD | Damages for value of lost employee benefits including, but not limited to, retirement benefits and health benefits. |
| | TBD | Damages for the value of front pay. |
| | TBD | Punitive Damages for Defendant's actions |
| | TBD | Liquidated Damages pursuant to the statute. |

For purposes of compliance with M.G.L. c. 212 § 3 and 3A, the foregoing does not include the statutory damage award of triple damages and/or attorney's fees.

Respectfully submitted,
JOHN DOE,
By counsel:

*/s/ Andrew T. Silvia*

Andrew T. Silvia, Esquire
(BBO# 670555)
aslivia@slnlaw.com
Emily E. Smith-Lee
(BBO# 634223)
esmithlee@slnlaw.com
SLN Law, LLC
46 South Main Street
Sharon, MA 02067
781-784-2322

Dated: 10/6/2022

Date Filed 10/6/2022 2:44 PM
Superior Court - Norfolk
Docket Number

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2282CV00936 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| | | COUNTY: NORFOLK |

| Plaintiff: JOHN DOE | Defendant: MASSACHUSETTS TEACHERS ASSOCIATION |
|---|---|
| ADDRESS: Norfolk County, Massachusetts | ADDRESS: 2 Heritage Drive, 8th Floor, Quincy, MA 02171 |
| Plaintiff Attorney: Andrew T. Silvia, Esq. | Defendant Attorney: |
| ADDRESS: SLN Law, LLC, 46 South Main Street, Sharon, MA 02067 | ADDRESS: |
| BBO: 670555 | BBO: |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | Employment Discrimination | F | ☐ YES  ☒ NO |

*If "Other" please describe: M.G.L. c. 151B, 41 U.S.C. §12101, et seq., and 29 U.S.C. § 2612

Is there a claim under G.L. c. 93A?  ☐ YES  ☒ NO
Is there a class action under Mass. R. Civ. P. 23?  ☐ YES  ☒ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

Please See Attached Plaintiff's Statement of Estimated Money Damages

A. Documented medical expenses to date
  1. Total hospital expenses
  2. Total doctor expenses
  3. Total chiropractic expenses
  4. Total physical therapy expenses
  5. Total other expenses (describe below)

Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below)

TOTAL (A-F): $0.00

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Please See Attached Plaintiff's Statement of Estimated Money Damages

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Unrepresented Plaintiff: X  /s/ Andrew T. Silvia, Esq.     Date: 10/6/2022

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney/Unrepresented Plaintiff: X  /s/ Andrew T. Silvia, Esq.     Date: 10/6/2022

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party †

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E25 Pleural Registry (Asbestos cases) | |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF -** The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT -** If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

### A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
### MAY RESULT IN DISMISSAL OF THIS ACTION.