UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOHN DOE,

      Plaintiff,

 v.

MASSACHUSETTS TEACHERS
ASSOCIATION,

      Defendant.

CIV. A. No. 1:22-CV-11982-GAO

## PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO PROCEED PSEUDONYMOUSLY AND FOR IMPOUNDMENT OF ANY AND ALL IDENTIFYING DOCUMENTS

NOW COMES the plaintiff and hereby files this reply in further support of Plaintiff's motion to proceed pseudonymously and for impoundment of any and all identifying documents. For all the reasons set forth in Plaintiff's opening memorandum and here, Plaintiff's motion should be granted.

In their opposition, Defendant ignores and mischaracterizes the law regarding charges of discrimination at the Massachusetts Commission Against Discrimination to attempt to demonstrate that Plaintiff's motion is moot. If Defendant had cited the entire sentence of the regulation, it would have demonstrated the futility of their position. "The investigative file in every charge *after an investigative disposition issues* shall be confidential and exempt from public disclosure except for the complaint and the investigative disposition." 804 CMR 1.21(1)(b) (emphasis added). It is uncontroverted that in Plaintiff's case, there is no investigative disposition that has issued. As a result, 804 CMR 1.21(1)(a) applies. "The investigative file in every charge under investigation, *including the complaint, shall be confidential and exempt from*

*public disclosure*." *Id.* (Emphasis added). It is beyond clear that Plaintiff has not disclosed his diagnosis to a public body, and as result his motion is not moot.

Similarly, when discussing the allegations, Defendant omits key facts to present the case in a light more favorable to its position. In the argument claiming that Plaintiff wantonly and carelessly disclosed his disability to co-workers, Defendants omit key facts:

G.    Co-workers began "google diagnosing" Plaintiff after they became aware of his son's diagnosis.

H.    In the months that followed, many of his co-workers began to act differently toward him, making comments that suggested their view of him had been changed by his disclosure of the diagnosis.

Plaintiff's Mot., 3. These facts make it clear that Plaintiff did not willingly discuss his diagnosis with his coworkers. Rather, a consistent campaign of harassment and ridicule began, and Plaintiff's coworkers' attitudes and opinions of Plaintiff changed as *they* diagnosed Plaintiff. *Id.* Only later, after the discrimination had started was the subject reluctantly breached. *Id.* Plaintiff's actual diagnosis is only tangentially related to his coworker's opinions of him.

WHEREFORE, Plaintiff hereby moves this Honorable Court to allow Plaintiff to proceed pseudonymously and for impoundment of any and all identifying documents.

Respectfully submitted,
JOHN DOE,
By counsel:


*/s/ Elijah Bresley*
Elijah Bresley
(BBO# 691092)

ebresley@slnlaw.com
Emily E. Smith-Lee
(BBO# 634223)
esmithlee@slnlaw.com
SLN Law, LLC
46 South Main Street
Sharon, MA  02067
781-784-2322

Dated: February 1, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of February 2023, a true copy of the foregoing document was filed electronically through the Court's CM/ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing.

*/s/ Elijah Bresley*
Elijah Bresley