UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE[1], <br>     Plaintiff, <br><br> v. <br><br> MASSACHUSETTS TEACHERS ASSOCIATION, <br>     Defendant. | Civil Action No.: 1:22-CV-11982-GAO <br><br> **Leave to file granted on February 10, 2023** |

### DEFENDANT'S SUR-REPLY IN FURTHER SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED PSEUDONYMOUSLY AND FOR IMPOUNDMENT OF ANY AND ALL IDENTIFYING DOCUMENTS

Defendant Massachusetts Teachers Association ("MTA") submits this Sur-Reply in response to the Reply filed by Plaintiff (Dkt. No. 13) in further support of his Motion for Order to Proceed Pseudonymously and Impoundment of Identifying Documents ("Motion") (Dkt. No. 6). Plaintiff's Motion should be denied for all of the reasons stated in the MTA's Opposition (Dkt. No. 11), including because Plaintiff's application is moot as he already revealed his name in an administrative proceeding before the Massachusetts Commission Against Discrimination ("MCAD"), which is publicly accessible, and to coworkers. MTA submits this Sur-Reply to address the two arguments made in Plaintiff's Reply. (Dkt. No. 13.)

It is not disputed that prior to bringing the present action, Plaintiff filed a Charge of disability discrimination against MTA with the MCAD. (Dkt. No. 11-1.) It is further undisputed that in the Charge, Plaintiff did not use a pseudonym. (*Id.*) He filed it using his legal name. (*Id.*) Then, Plaintiff requested a right to sue letter, withdrawing his Charge from the MCAD and filing his claims in Court.

---

[1] Defendant is using the case caption as filed by Plaintiff and pending resolution of Plaintiff's Motion to Proceed Pseudonymously and For Impoundment of Any and All Identifying Documents.

In his Reply, Plaintiff contends that his Charge filed with the MCAD is not publicly available under 804 CMR 1.21, which governs the accessibility of MCAD case files. Pursuant to 804 CMR 1.21(1)(a), pre-determination investigative files in every charge *under investigation*, including the complaint, are confidential and exempt from public disclosure. But, upon an investigative disposition, the complaint and investigative disposition become publicly accessible under 804 CMR 1.21(1)(b).

Plaintiff asserts that because there was no determination in his case, 804 CMR 1.21(1)(a) applies and, therefore, the MCAD file remains confidential and is not accessible to the public. Accordingly, Plaintiff argues his name and the information revealed in his Charge have not been disclosed to the public and therefore the issue of maintaining his anonymity is not moot. Plaintiff is mistaken.

MCAD case materials are only exempt from public disclosure under 804 CMR 1.21(1)(a) *during* an investigation, pre-determination. 804 CMR 1.21(1)(a) ("The investigative file *in every charge under investigation*, including the complaint, shall be confidential and exempt from public disclosure" (emphasis added).) No investigation is pending here as is undisputed that Plaintiff withdrew his Charge from the MCAD. Any investigation that was initiated when Plaintiff filed his MCAD Charge ended when he requested a right to sue letter and withdrew his claims. Therefore, 804 CMR 1.21(1)(a) does not apply and the Charge with Plaintiff's true identity is available to the public.

Defendant did not "ignore[] or mischaracterize[] the law," as Plaintiff asserts. Defendant stated in its Opposition that MCAD complaints, post-determination, are publicly available pursuant to 804 CMR 1.21(1)(b). The fact is that in obtaining a right to sue letter and withdrawing his Charge, any investigation ended. Further, Plaintiff's MCAD Charge is post-determination as

the disposition was a withdrawal. 804 CMR 1.21(1)(a), upon which Plaintiff purports to rely, is inapplicable here. Pursuant to 804 CMR 1.21 (1)(b), Plaintiff's MCAD Charge and the withdrawal are available by a public records request.

Plaintiff revealed his identity, his Autism diagnosis, and the Autism diagnosis of his son when he filed under his true name with the MCAD. As Plaintiff already made this information available and sought no protection from the MCAD in bringing the Charge, *i.e.*, requesting to file anonymously under the applicable rules, the issue is moot.

Plaintiff's remaining argument, about his disclosure of his and his son's diagnosis in his Reply, is also unavailing. The fact is that Plaintiff is the one who disclosed the information to coworkers and in prior proceedings.

WHEREFORE, for all of the foregoing reasons and for the reasons set forth in the MTA's Opposition to Plaintiff's Motion for Order to Proceed Pseudonymously and Impoundment of Identifying Documents, defendant Massachusetts Teachers Association respectfully requests that the Court enter an Order denying Plaintiff's Motion.

        Respectfully submitted,

        MASSACHUSETTS TEACHERS
        ASSOCIATION,
        By its attorneys,

        */s/ Carolyn M. Crowley*
        Kenneth M. Bello, BBO #036630
        Carolyn M. Crowley, BBO #663616
        BARCLAY DAMON LLP
        160 Federal Street, Suite 1001
        Boston, MA 02110
        (617) 274-2900
        kbello@barclaydamon.com
        ccrowley@barclaydamon.com

Dated: February 10, 2023

## **CERTIFICATE OF SERVICE**

  I, Carolyn M. Crowley, certify that on February 10, 2023, this Sur-Reply filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to the non-registered participants.

            */s/ Carolyn M. Crowley*
            Carolyn M. Crowley

4